STANLEY OGRODNICK *vs.* PROVIDENCE JOURNAL COMPANY.

NOVEMBER 17, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J.   This is an action of trespass on the case for libel.   It is here on the plaintiff's exception to the superior court's decision sustaining the defendant's demurrer to the declaration.

The declaration alleges that defendant, maliciously intending to destroy the plaintiff's reputation by imputing to

him the commission of the crime of perjury, published in its newspapers on September 2, 1960 the following article:

> "At least two instances of clear fraud were turned up at the elections board hearing. Two voters swore they had not signed the independent nomination papers on which their names appeared. Stanley Ogrodnick, who circulated the papers testified that the two signatures were not affixed to the papers in his presence. Yet he had signed the formal statement on the back of the papers asserting that all names appearing thereon had been signed in his presence. The attorney general's department is investigating this contradictory aspect of the case. There should be no whitewash."

Those words in and of themselves do not impute to plaintiff the commission of perjury. However, he seeks to enlarge the ordinary meaning of the words by way of an innuendo in which he alleges further facts averring therefrom an intention of defendant to charge plaintiff with the commission of the crime of perjury. This is not the office of an innuendo. *Hackett* v. *Providence Telegram Publishing Co.*, 18 R. I. 589. It cannot be used to introduce new matter or to enlarge the natural meaning of the words actually used. Such new facts explanatory of the words and tending to show their libelous nature should be distinctly set forth in the declaration by means of a colloquium or prefatory statement by way of an inducement. *Richmond* v. *Loeb*, 19 R. I. 120.

In order to be libelous it is not at all necessary that the language complained of should explicitly charge a crime. When it is so explicit no colloquium or innuendo is necessary. But when it is uncertain or is defamatory only because of some latent meaning an inducement is necessary to make precise and certain what the libel is with which the defendant is charged in the declaration. *State* v. *Corbett*, 12 R. I. 288.

In the case at bar the language in question is not explicit and the declaration obviously fails to show by way of in-

318

ducement how the words could have been generally understood to charge plaintiff with the commission of the crime of perjury. *Walton* v. *Frost,* 22 R. I. 157. An innuendo will not suffice for this purpose. *Carey* v. *Evening Call Publishing Co.,* 74 R. I. 473. And it has been held that an innuendo is bad to the extent it is attempted to so use it. *Tiepke* v. *Times Publishing Co.,* 20 R. I. 200. We have said that this cannot be done because an innuendo cannot introduce a meaning broader than that which the words in question naturally bear, but must be connected by a proper introductory statement. *Blake* v. *Smith,* 19 R. I. 476.

The superior court may in its discretion permit further amendment. See *Dobson* v. *Providence Tribune Co.,* 46 R. I. 262.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Edwards & Angell, Edward F. Hindle,* for defendant.