205 A.2d 587.
DANIEL W. CONNERY *vs.* GEORGE KALIAN *et al.*

DECEMBER 16, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This action of trespass on the case for libel is before us on the plaintiff's exception to the superior court's decision sustaining the defendants' special demurrer to the amended declaration.

The declaration alleges in substance that plaintiff was and is a letter carrier in the employ of the federal government; that as such he serviced the area to the residents of which defendants addressed mail; and that he at all times complied with the rules and regulations of the post office department and the pertinent federal statutes relating to the proper delivery of addressed mail.

The declaration further alleges that defendants, intending to destroy plaintiff's reputation and to cause him to be regarded as a person who violated postal regulations and federal statutes relating to the proper delivery of addressed mail, did on or about March 28, 1963, wrongfully, falsely and maliciously print, publish and circulate of and concern-

ing plaintiff the following message in its mail addressed for delivery to the several residents within defendants' marketing area:

"To the most important people in the World........
(Our Customers)

We at Kalian's mail out our advertisements every two weeks. In the past we have received complaints from some of our customers about their not receiving our advertisements.

Our mailing is set up in such a fashion that if you ever once received our ad then you must receive it every two weeks without interruption.

We have found through past checking, the fault, of you our customers, not receiving our ads, is due to a small number of postal employees......Please in the future notify us immediately if you do not properly receive our ads .....

Thank you,"

The record does not disclose the ground or grounds upon which the superior court based its decision. However, since each ground raises the question whether the declaration states a cause of action for libel against defendants, if any ground of the demurrer is valid the decision of the superior court must be sustained. *Davis* v. *Girard*, 70 R. I. 291.

The language of the message in question does not expressly impute to plaintiff the violation of any duty, rule, regulation or statute amounting to defamation. In fact, it does not expressly refer to plaintiff. However, by way of innuendo, the declaration alleges in substance that by the publication of such message defendants intended to and did imply that plaintiff willfully failed to deliver postal matter placed in his hands for delivery in violation of postal rules and regulations, that plaintiff embezzled same in violation of 18 U.S.C.A. §1709, and delayed delivery or destroyed same in violation of 18 U.S.C.A. §1703.

The conclusion of the declaration alleges in substance that by reason of the publication of the alleged message,

average and ordinary persons in the affected community were warranted in believing and did believe that plaintiff conducted himself in accordance with the allegations of his innuendo.

In our opinion the superior court did not err in sustaining defendants' demurrer. The plaintiff seeks to enlarge the ordinary meaning of defendants' message by means of an innuendo inferring an intention that defendants charged this plaintiff with certain breaches of postal rules and federal statutes. This is not the office of an innuendo. *Ogrodnick* v. *Providence Journal Co.*, 93 R. I. 316, 175 A.2d 289, and cases cited therein.

In addition, the defendants' message does not identify the plaintiff as the person of and concerning whom the message was published and distributed. Nor is there any proper allegation of fact anywhere in the declaration whereby the plaintiff might reasonably be identified as the person of and concerning whom the alleged message was published. In our opinion the case at bar is governed by *Carey* v. *Evening Call Publishing Co.*, 74 R. I. 473. The plaintiff's allegations in the colloquium are mere conclusions and do not supply the missing link. See 53 C.J.S. Libel and Slander §162.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*William H. McSoley, Jr.,* for defendants.